FARHANG & MEDCOFF
4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433
F:520.790.5736

John C. Smith (#023008)
jsmith@fmlaw.law
Cody D. Vandewerker (#033385)
cvandewerker@fmlaw.law
Adam Peterson (#033043)
apeterson@fmlaw.law

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ROTHROCK FAMILY, LLC,<br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 4:18-bk-03956-SHG<br><br>**MOTION UNDER SECTION 363 OF THE BANKRUPTCY CODE TO APPROVE ORDER AUTHORIZING THE SALE OF REAL PROPERTY LOCATED AT 1050 E. 19TH STREET, TUCSON, ARIZONA FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBERANCES AND INTERESTS** |

Rothrock Family, LLC (the "Debtor"), by and through undersigned counsel, and in consultation with James and Christine Gibson (the "Gibsons"), hereby files this Motion (the "Sale Motion") for entry of a sale order under Section 363[1], Bankruptcy Rule 6004[2] and

---

[1] Any reference to a Section, unless otherwise specified, refers to a section of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 - 1532.

[2] Any reference to a Bankruptcy Rule, unless otherwise specified, refers to a rule of the Federal Rules of Bankruptcy Procedure, Bankruptcy Rules 1001 - 9037.

Local Rules[3] 6004-1 and 9013-1(k)(1) (the "Stipulated Order") authorizing the sale of certain real property owned by the Debtor located at 1050 E. 19th St., Tucson, Arizona (the "Real Property") free and clear of liens, claims, encumbrances, and interests.

Subject to Bankruptcy Court approval, the Debtor has entered into a Commercial Real Estate Purchase Contract (the "Purchase Agreement") with Kolofia LLC (the "Buyer). A copy of the Purchase Agreement is attached as **Exhibit A**. The Purchase Agreement provides for a sale of the Real Property for the purchase price of $715,000.

Contemporaneously with the filing of this Motion, the Debtor will file a motion for an expedited hearing on the sale of the Real Property (the "Sale Hearing"). The Debtor will file a notice of the Sale Hearing and deadline for filing objections to the Sale Motion. The Debtor believes that the sale of the Real Property will generate sufficient proceeds to pay all creditors of the Debtor's estate including secured, unsecured, and administrative creditors.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Status of the Case and Jurisdiction**

1.     On April 16, 2018, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code commencing case number 4:18-bk-03956-SHG.

2.     The Debtor has continued in possession of its property and is operating as a debtor-in-possession under Section 1107(a) and 1108.

3.     No Official Committee of Unsecured Creditors has been appointed.

4.     The Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. § 157

---

[3] Any reference to a Local Rule, unless otherwise specified, refers to the local rules for practicing in the United States Bankruptcy Court for the District of Arizona, Local Rules 1001-1 - 9072-9.

and 1334 and the standing order of reference signed by Chief Judge Stephen M. McNamee dated June 29, 2001. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

5. This Sale Motion constitutes a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(M), (N), and (O).

6. The statutory predicates for the relief requested are Sections 105(a) and 363, Bankruptcy Rule 6004, and Local Rule 6004-1.

## II. Background

7. In 2005, Todd Rothrock, Kelly Rothrock, and Trevor Rothrock formed the Debtor. The purpose of forming the Debtor was to hold the Real Property. Attached as **Exhibit B** is the declaration of Trevor Rothrock in support of the Sale Motion.

8. The current members of the Debtor are Trevor and Kelly Rothrock, both of whom signed the Purchase Agreement.

9. The Debtor owns no assets other than the Real Property. The Debtor has no employees. The Debtor has no bank accounts, other than its debtor-in-possession account. The Debtor has never made a distribution to any member.

10. The Real Property consists of a warehouse space occupied by Rothrock Building & Remodeling Inc. dba Steel Dor ("Steel Dor"). Trevor Rothrock is the president/CEO of Steel Dor. Steel Dor manufactures and installs doors for residential and commercial properties across southern Arizona.

11. Steel Dor pays all ongoing expenses of the Debtor.

12. There is no operative written lease between Steel Dor and the Debtor. Steel Dor will quit possession when the Buyer takes possession of the Real Property.

13.   The Debtor has only two creditors: The Pima County Treasurer and the Gibsons.[4]

14.   In April 2016, the Debtor received a loan in the original principal amount of $525,000 from the Gibsons (the "Loan").  The Loan is secured against a deed of trust on the Real Property.

15.   In late 2017, the Debtor received a notice of acceleration based on its failure to maintain current payments of property taxes, which the Gibsons asserted to be a default on the Loan.

16.   Accordingly, the Gibsons pursued nonjudicial foreclosure of the Real Property via trustee's sale that was scheduled for 10:00 a.m. April 16, 2018.

17.   The Debtor filed its voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code on April 16, 2018 at approximately 9:30 a.m. to prevent the foreclosure of the Real Property.  The Debtor filed bankruptcy with the intent of marketing the Real Property to ensure that it received maximum recovery for the Debtor and prevent the risk of a deficiency.

**III.   The Proposed Sale and Sale Proceeds**

18.   The Real Property consists of commercial property that has been used both for light manufacturing as well as warehouse space.  The Real Property consists of approximately 36,500 square feet and is zoned for light industrial activity.

19.   The Real Property is legally described as follows:

Lots 13, 14, 15, and 16, in Book 30, of BRUCKNER'S ADDITION to the City of Tucson, Pima County, Arizona, according to the map of record in the Pima County

---

[4] The IRS has filed a placeholder proof of claim in the amount of $100 based on the potential tax liability for 2017.

Recorder's Office in Book 1 of Land Claims Page 581, thereof;

EXCEPT that portion of said Lot 16 conveyed to the City of Tucson for street purposes by Deed recorded July 1, 1964 in 2287 at Page 293;

Together with all buildings, improvements, and fixtures thereon.

20. On May 7, 2018, the Court approved the employment of William Mordka as the broker for the sale of the Real Property [DE 28].

21. On May 7, 2018, the Court also approved the employment of an appraiser to value the Real Property [DE 29]. The appraiser, James Bradley of Axia Real Estate Appraisers, valued the Real Property at $725,000.

22. Mr. Mordka listed the Real Property for the appraised value on MLS as well as a separate listing service Loopnet/costar. Mr. Mordka further sent flyers to individuals and trade associations generally involved in purchasing commercial property. After several showings, Mr. Mordka received two offers: one for $650,000 from Long Far Investments, LLC, and a second offer for $700,000, from the Buyer. Attached as **Exhibit C** is the Declaration of William Mordka in support of the Sale Motion.

23. As stated above, the Debtor has entered into a Purchase Agreement with the Buyer providing for a sale of the Real Property to the Buyer for a purchase price of $715,000 (the "Purchase Price").

24. Under the Purchase Agreement, an aggregate six percent (6%) commission equal to $42,900 (the "Broker Commission") is to be split evenly and paid to Phil Lipman of Bright Properties and William Mordka of Harvey Mordka Realty.

25. The Purchase Agreement is subject to Court approval.

**IV.** **Liens, Claims, and Interests Against the Real Property**

26. The Real Property is subject to a tax lien from 2017 real property taxes in the approximate sum of $6,387.23.

27. The Real Property is subject to the Gibsons' Loan and the Gibsons' deed of trust against the Real Property.

28. As of June 19, 2018, the payoff amount of the Gibsons' Loan is $573,306.97 which is comprised of as the following:

| | |
|---|---|
| $523,550.54 | outstanding principal |
| $1,158.27 | accrued interest from 12-1-17 to 12-18-17 @ 4.75% |
| $26,249.25 | accrued interest on principal 12-18-17 to 6-19-18 @ 10.00% |
| $14,986.88 | property taxes paid on 12-18-17 |
| $751.40 | accrued interest on taxes 12-18-17 to 6-19-18 @ 10.00% |
| $1,056.81 | property insurance paid on 1-22-18 |
| $42.85 | accrued interest on insurance 1-22-18 to 6-19-18 @ 10.00% |
| $3,825.00 | attorney's fees (includes estimate of $250.00 of fees to be incurred after 6-5-18) |
| $1,685.98 | expenses (including trustee sale) |
| $573,306.98 | **Total** |

Attached as **Exhibit D** is a the Gibsons' Payoff Letter. The Gibsons' Loan and the Pima County Treasurer's Office are the only secured creditors known to the Debtor. Attached as **Exhibit E** is a Title Report from 2016—the Debtor will supplement this Sale Motion with an updated Title Report once produced.

29. Interest continues to accrue on the Gibsons' Loan at a rate of $147.83 per diem.

**V.    Relief Requested**

By this Sale Motion, the Debtor requests that the Court issue an order, pursuant to Section 363(B), Bankruptcy Rules 2002(a)(2), 6004 and 9014, Local Rules 6004-1 and

9014-1 approving: (1) the sale of the Real Property free and clear of liens, claims, encumbrances, and interests (the "Proposed Sale"); and (2) payment of closing costs related thereto, including the Broker Commission, the Gibsons' Loan, and the Pima County Treasurer's Office.

## VI. The Proposed Sale Satisfied All Applicable Standards and Is In The Estate's Best Interest

Section 363 of the Bankruptcy Code vests the Court with authority to approve the sale proposed herein. *See Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) ("[A] bankruptcy court can authorize a sale of all of a Chapter 11 Debtor's assets under § 363(b)(1) when a sound business purpose dictates such action"). Section 363(b)(1) provides, in relevant part, that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *See also* FED. R. BANKR. PROC. 6004(f) (1) ("All sales not in the ordinary course of business may be by private sale or by public auction."). This section generally permits a debtor to sell property of the estate outside of the ordinary course of its business where the proposed sale is a sound exercise of a Debtor's business judgment and when such sale is proposed in good faith. *See In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996).

In the present case, the Proposed Sale has been proposed in good faith and constitutes the sound exercise of the Debtor's business judgment. The sale is in the best interest of this estate. All valid secured claims with a properly perfected lien on the Real Property will be fully paid from the sale proceeds. The following liens are known to exist on the property:

(1) The Gibsons first priority lien, which as of June 19, 2018, is in the amount of

$573,306.97, (this amount includes P&I, legal and late fees) plus accrued interest and attorneys' fees and costs to be provided by the Gibsons due through the actual sale closing date; and

(2) Tax lien for 2017 in the approximate amount of $6,387.23.

For the foregoing reasons, the sale of the Real Property, pursuant to the terms of the Purchase Agreement, furthers the interests of the Debtor's estate, the creditors and other parties-in-interest. *See In re Lionel Corp.*, 722 F.2d at 1071.

## VII. Sale Free and Clear of All Liens, Claims, Encumbrances, and Interests

Section 363(f) authorizes a debtor to use, sell or lease property of the estate outside of the ordinary course of business, free and clear of any interest in such property. The Purchase Agreement provides for a sale of the Real Property free and clear of all liens, claims, encumbrances and interests. Any liens, claims, encumbrances and interests will attach to the sale proceeds with the same validity, priority, force and effect that such liens, claims, encumbrances and interests had on the subject property prior to the closing of the transactions contemplated herein. There are no liens remaining because they will be paid off.

Under Section 363(f)(2), a sale free and clear of all liens is permissible if all secured lienholders consent. The Debtor is providing proper notice of this Sale Motion and the hearing thereon to all known secured creditors and other potential lienholders, thereby giving them the opportunity to object to the transaction proposed herein. Provided that no secured creditors object to this transaction, Section 363(f)(2) will be satisfied. *See, e.g., Veltman v. Whetzal*, 93 F.3d 517, 521 n.5 (8th Cir. 1996).

## VIII. The Sale Transaction Will Result From Arm's Length, Good Faith Sales Efforts

The terms of the Purchase Agreement for the Real Property were negotiated at arm's length, without collusion, and in good faith. The Debtor accordingly requests that the Court find the Buyer to be acting in good faith and entitled to the protections of a good faith purchaser under Section 363(m). *See In re Filtercorp, Inc.*, 163 F.3d 570, 576-77 (9th Cir. 1998).

## IX. The 14-Day Stay of Rule 6004(g)

Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, unless the court orders otherwise, all orders authorizing the sale of property pursuant to Section 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order. FED. R. BANKR. P. 6004(h). The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. See Advisory Committee Notes to FED. R. BANKR. P. 6004(h).

Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen-day stay period, Collier on Bankruptcy suggests that the fourteen-day period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY ¶6004.09 (15th ed. 1999). Furthermore, Collier on Bankruptcy states that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. Id.

The Buyer contemplated herein needs the assurance that all sales are final and non-

appealable. Accordingly, the Debtor hereby requests that the Court eliminate the 14-day stay period under Bankruptcy Rule 6004(h).

**X.     Conclusion**

For the reasons set forth above, the Debtor respectfully requests that the Court enter an Order:

    A.     Approving this Motion;

    B.     Authorizing and approving the sale of the Real Property free and clear of liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363;

    C.     Finding that the Buyer is a good faith purchaser and entitled to the protections of 11 U.S.C § 363(m);

    D.     Waiving the 14-day stay under Bankruptcy Rule 6004(h);

    E.     Permitting the payment of closing costs including the Broker Commission, the Gibsons' Loan, and the Pima County Treasurer's Office through the proceeds received in the closing of the Sale.

    F.     Granting such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 13th day of June 2018.

                                              FARHANG & MEDCOFF

                                              By */s/Cody D. Vandewerker*
                                                   Cody D. Vandewerker
                                                   *Attorneys for Debtor*

| | |
|---|---|
| 1 | Copy mailed or emailed* this 13th day of June 2018, to: |
| 2 | |
| 3 | Renee Sander Shamblin* |
| | Trial Attorney – United States Trustee's Office |
| 4 | 230 N. First Avenue, Suite 204 |
| 5 | Phoenix, Arizona 85003-1706 |
| | Renee.S.Shamblin@usdoj.gov |
| 6 | |
| 7 | Christopher S. McDonagh* |
| | Raven, Clancy & McDonagh, P.C. |
| 8 | 3507 North Campbell Avenue, Suite 111 |
| | Tucson, Arizona 85701 |
| 9 | cmcdonagh@ravlaw.com |
| 10 | *Attorneys for Creditors James Allan Gibson and Christine Marie Gibson* |
| 11 | |
| 12 | */s/Liza D. Taylor* |
| 13 | Liza D. Taylor |